### No. 138

No. 17975—Thomas Gildersleeve v. The Newton Steel Company. Error to the Court of Appeals of Trumbull County.

829. NEGLIGENCE—Gross negligence or wantonness not a wilful act, under 1465-76 GC., unless conjoined with a purpose or intention of injuring another.

Employe's remedy for injury from negligent electric construction is not against employer, but for compensation.

Employer thus sued may plead defense of contributory negligence and fellow servant rule.

Sec. 6242 GC. is a departure from 1465-76 to a certain extent.

A fellow servant of injured employe not an agent of employer—Agent defined as an employe with certain authority over the injured.

JONES, J.

1. The term "wilful act" employed in Section 1465-76, General Code, has been therein "construed to mean an act done knowingly and purposely with the direct object of injuring another." As thus employed, it imports an act of will and design and of conscious intention to inflict injury upon some person. Gross negligence or wantonness can no longer be a willful act under this section, unless conjoined with a purpose or intention to inflict such injury.

2. In the absence of proof tending to show such purpose or intention to inflict injury, mere proof of construction of an electric device in such manner as to probably cause injury to another, or proof of gross negligence in construction, will not warrant recovery against an employer who has complied with the Workmen's Compensation Act. In such case the employe's remedy is compensation.

3. Under Section 35, Art II, of the Constitution, and Section 1465-76, General Code, in an

## OHIO SUPREME COURT—Continued

action brought by an employe under authority of that section, an employer who has complied with the provisions of the act is "entitled to plead the defense of contributory negligence and the defense of the fellow servant rule." These are common-law defenses, retained by the act in favor of employers complying therewith.

4. The common-law defense of the fellow servant rule is available to an employer in a suit brought by an employe under Section 1465-76, General Code. Section 6242, General Code, is an abrogation of that rule, applying to separate departments, and is a departure therefrom, and to that extent denies to the employer the defense of the fellow servant rule given without limitation by Section 29 of the Workmen's Compensation Act, Section 1465-76, General Code.

5. Section 1465-76, General Code, gives an injured employe an option to sue an employer therein named for an injury arising from the wilful act of an employer's agent. A fellow servant of such injured employe is not an agent of the employer; the act expressly excludes such a relation from its operation. An agent of an employer is held to mean an employe, not a fellow servant, but one who is superior to and has authority or control over the injured employe, and his wilful act must be committed while acting within his scope of employment.

Judgment affirmed.

Marshall, C. J., Robinson, Matthias and Day, JJ., concur.